1 **DEBRA A. DiIORIO**
California Bar No. 138018
2 **DiIORIO & HALL, APC**
964 Fifth Avenue, Suite 214
3 San Diego, California 92101
Facsimile: (619) 544-1473
4 Telephone: (619) 544-1451

5 Attorneys for Defendant **Vang**

6

7                UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9                  (HON. LARRY A. BURNS)

10 | UNITED STATES OF AMERICA,  )  Criminal Case No. 07-CR-3041-LAB
   |                            )
11 |      Plaintiff,             )  Date: January 7, 2008
   |                            )  Time: 2:00 p.m.
12 |      v.                     )
   |                            )  **DEFENDANT'S NOTICE OF**
13 |                            )  **MOTIONS AND MOTIONS TO:**
   | **JOE VANG**,              )  **1) COMPEL DISCOVERY; AND**
14 |                            )  **2) GRANT LEAVE TO FILE**
   |                            )      **FURTHER MOTIONS**
15 |      Defendant.             )
   |                            )

16
   TO:   KAREN HEWITT, UNITED STATES ATTORNEY; and
17         PETER KO, ASSISTANT UNITED STATES ATTORNEY

18        PLEASE TAKE NOTICE that on Monday, January 7, 2007, at 2:00 p.m., or as soon

19 thereafter as counsel may be heard, the defendant, Joe Vang, by and through his counsel Debra

20 A. DiIorio, will move this Court to compel discovery and grant leave to file further motions

21 after discovery is complete.

22 //

23 //

24 //

25 //

26 //

27 //

28 //

**MOTIONS**

The defendant, Joe Vang, by and through his counsel Debra A. DiIorio, pursuant to Fed. R. Crim. P. 12, 16 and 26.2 and the First, Fourth, Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court to compel discovery and grant leave to file further motions after discovery is complete.

These motions are based upon the instant motions, the notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-entitled cause, and any and all other information that may be brought to the Court's attention prior to or during the hearing on these motions.

Respectfully submitted,

Dated: December 17, 2007

/s/ Debra A. DiIorio
**DEBRA A. DiIORIO**
Attorney for Defendant **Vang**

1  **DEBRA A. DiIORIO**
   California Bar No. 138018
2  **DiIORIO & HALL, APC**
   964 Fifth Avenue, Suite 214
3  San Diego, California 92101
   Facsimile: (619) 544-1473
4  Telephone: (619) 544-1451

5  Attorneys for Defendant **Vang**

6
                    UNITED STATES DISTRICT COURT
7
                   SOUTHERN DISTRICT OF CALIFORNIA
8
                      (HON. LARRY A. BURNS)
9
10 UNITED STATES OF AMERICA,        ) Criminal Case No. 07-CR-3041-LAB
                                    )
11        Plaintiff,                 ) Date: January 7, 2007
                                    ) Time: 2:00 p.m.
12      v.                          )
                                    ) **DEFENDANT'S STATEMENT OF FACTS**
13 **JOE VANG**,                    ) **AND MEMORANDUM OF POINTS AND**
                                    ) **AUTHORITIES IN SUPPORT OF HIS**
14        Defendant.                ) **MOTIONS**
                                    )

15

16                                  **I.**

17                         **STATEMENT OF FACTS**

18      On October 6, 2007, Joe Vang was arrested as the passenger in a 2003 Mercedes Benz
19 along with the driver and registered owner, Diana Tran. They were arrested as a result of a
20 surveillance being conducted by members of the San Diego Police Department's Gang
21 Suppression Team in East San Diego. Earlier in the evening, officers had arrested David Trung
22 Nguyen, who has been charged in a related case (07-CR-3040-LAB). Tran and Vang were
23 observed leaving the apartment adjacent to Nguyen's, and were detained after a traffic stop.
24 At some point the detention ripened into an arrest. Vang had a California ID card in the name
25 of Khoi Dang Pham but at some point his true identity was revealed and he was arrested for an
26 outstanding parole warrant. A loaded handgun was discovered in Ms. Tran's waistband during
27 a patdown search. Two plastic baggies containing methamphetamine were found in Vang's
28 shirt pocket, along with $930 cash. A black wallet was recovered from inside the car which

                                    1

1  contained an additional $2,012 in cash.  A black folding knife with a four-inch blade was
2  recovered from the front right passenger door.
3      A telephonic warrant was obtained and a subsequent search led to the seizure of a large
4  amount of evidence from 2 bedrooms, one of which apparently belonged to Nguyen and
5  another believed to be occupied by Tran and Vang. The evidence seized includes numerous
6  handguns, additional methamphetamine and dominion and control documents.
7      Vang made several statements at the time of the traffic stop and subsequent arrest.  It is
8  not yet clear what statements were made by Tran and Nguyen.  The government has produced
9  an initial batch of 142 pages of discovery.
10      During the detention hearing of Vang, the government informed the court that Vang
11  faced a potential mandatory minimum term of 25 years.

## II.

## MOTION TO COMPEL DISCOVERY

14      In order to both preserve the defendant's rights and assist the government in making full
15  and complete disclosure as required by law, Mr. Vang lodges the following specific discovery
16  requests pursuant to Fed. R. Crim. P. 16:
17      (1) All written or oral statements made by him.  This request includes, but is not limited
18  to, any rough notes, records, reports, transcripts or other documents in which statements of Mr.
19  Vang are contained and in the possession of the United States or allied state law enforcement
20  agencies.  It also includes the substance of any oral statements regardless of whether the
21  government intends to introduce at trial.  These are discoverable under Fed. R. Crim. P.
22  16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  Mr. Vang also requests any response
23  to any Miranda warnings which may have been given to him, whether oral or written.  See
24  United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);
25      (2) All documents, statements, agents' reports, and tangible evidence favorable to Mr.
26  Vang on the issue of guilt or punishment, or which affects the credibility of the government's
27  case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and
28  United States v. Agurs, 427 U.S. 97 (1976) immediately upon discovery by the government.

2

1 Mr. Vang specifically requests the post-arrest statements of Ms. Tran and Mr. Nguyen;

2     (3) All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.

    (4) All evidence seized as a result of any search or arrest, with or without a warrant, in this case. Mr. Vang requests disclosure of all evidence obtained as a result of these searches which generated evidence which will be used by, or which lead to the discovery of evidence to be used by the government against him at trial. This discovery is available under Fed. R. Crim. P. 12(d) and 16(a)(1)(C);

    (5) All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the investigation which resulted in the arrest of Mr. Vang, Mr. Nguyen and Ms. Tran. These may be available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

    (6) Mr. Vang requests the government to review all files on all officers and agents involved in the present case for impeachment material. Given the fact that such impeachment evidence is often secreted in various different files, he requests that the government not limit its search solely to personnel files. This is required under United States v. Henthorn, 930 F.2d 920 (9th Cir. 1991);

    (7) All other documents and tangible objects, including photographs, books, papers, documents, photographs, or building or places or copies of portions thereof which are material to Mr. Vang's defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Vang. These materials are available under Rule 16(a)(1)(C);

    (8) Any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability. United

3

1  States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th
2  Cir. 1986); United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987).  This request also
3  includes any discussion with a potential witness about or advice concerning any contemplated
4  prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
5  followed.  Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness
6  sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d
7  1520, 1524 (11th Cir. 1985);

8           (9) Any evidence that any prospective government witness is biased or prejudiced against
9  the defendant, has a motive to falsify or distort his or her testimony or is prejudiced against
10 Latinos.  Pennsylvania v. Ritchie, 480 S.Ct. 39 (1989); United States v. Strifler, 851 F.2d 1192
11 (9th Cir. 1988);

12          (10) Any evidence that any prospective government witness has engaged in any criminal
13 act whether or not resulting in a conviction.  See Rule 608(b), Federal Rules of Evidence and
14 Brady;

15          (11) Any evidence that any prospective witness is under investigation by federal, state or
16 local authorities for any criminal conduct, United States v. Chitty, 760 F.2d 425 (2d Cir.), cert.
17 denied, 474 U.S. 945 (1985);

18          (12)  Any evidence, including any medical or psychiatric report or evaluation, tending to
19 show that any prospective witness's ability to perceive, remember, communicate, or tell the truth
20 is impaired; and any evidence that a witness has ever used narcotics or other controlled
21 substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. July
22 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

23          (13)  the name and last known address of each prospective government witness.  See
24 United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583
25 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United
26 States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to
27 witnesses). Mr. Vang understands that many of the witnesses are police officers and, as such, he
28 requests only their work address information;

4

1    (14) The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1469 (9th Cir. 1984);

(15) The name, address and telephone number of each percipient witness to the crimes charged, regardless of whether the government intends to call such witness at trial, or for any other proceeding;

(16) The name of any witness who made an arguably favorable statement concerning Mr. Vang or who could not identify him or who was uncertain of his identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1975);

(17) Mr. Vang requests a transcript of the grand jury testimony and/or the parole revocation hearing and rough notes of all witnesses expected to testify <u>at</u> <u>the</u> <u>motions</u> <u>hearing</u>. Mr Vang will be requesting all material available pursuant to Fed. R. Crim. P. 12(i), 26.2 and 18 U.S.C. § 3500 at every opportunity, and where the material is not disclosed in advance, will also request whatever amount of time is necessary for the defense to properly make use of or other wise investigate the material disclosed;

(18) Disclosure of all scientific evidence, including all reports of examinations and tests, and disclosure of all expert testimony, in compliance with Fed. R. Crim. P., 16(a)(1)(d) and (e). In particular, the government's attention is drawn to the requirement that all expert testimony must be disclosed in advance, along with discovery of the basis and reasons for the expert's opinion, and his or her qualifications as an expert;

(19) Residual Request: Mr. Vang intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

//
//
//

5

## III.

## **MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Vang requests that the Court grant him leave to file further motions after the discovery process has been completed.

## IV.

## **CONCLUSION**

Based upon the foregoing, Mr. Vang respectfully requests that this Court grant his motions.

                                  Respectfully submitted,

Date: January 7, 2007

                            /s/ Debra A. DiIorio
                            DiIorio & Hall, APC
                            Attorneys for Mr. Vang

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 07-CR-3041-LAB |
| Plaintiff, | ) | |
| v. | ) | <u>CERTIFICATE OF SERVICE</u> |
| **JOE VANG**, | ) | |
| Defendant. | ) | |

I, the undersigned, say:

1. I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party to the within action;

2. My business address is 964 Fifth Ave., Suite 214, San Diego, California 92101;

3. I served the within **NOTICE OF MOTIONS AND MOTIONS TO COMPEL DISCOVERY; AND LEAVE TO FILE FURTHER MOTIONS; STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** on opposing counsel by e-filing through the CM/ECF system;

4. A copy was also served on the defendant.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 17, 2007, at San Diego, California.

/s/ Debra A. DiIorio
Debra A. DiIorio

7